IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TONYA SOPHOCLEOUS,

        Plaintiff,
vs.                                   **Case No. 07-4029-RDR**

LAWRENCE MEMORIAL HOSPITAL,

        Defendant.

_____

### MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to dismiss and plaintiff's motion for summary judgment. The defendant seeks dismissal for several reasons, including lack of subject matter jurisdiction. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Plaintiff, proceeding pro se, filed her complaint on February 27, 2007. In the complaint, she alleges that the defendant committed medical malpractice in their treatment of her on February 9 and 10, 2007. She seeks damages of $150 billion.

The court shall turn first to the defendant's motion to dismiss. In the motion, the defendant contends that the court lacks subject matter jurisdiction because there is no showing of diversity jurisdiction. The defendant further argues that she has failed to assert a claim of any violation of her civil rights. Finally, the defendant asserts that plaintiff's state law claims must be dismissed because plaintiff has failed to provide the

notice required by K.S.A. § 12-105b(d).

Under Fed.R.Civ.P. 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. The determination of subject matter jurisdiction is a threshold question of law. Madsen v. United States ex. rel. United States Army Corps of Engineers, 841 F.2d 1011, 1012 (10th Cir. 1987). "[T]he party invoking federal jurisdiction bears the burden of proof." Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).

Dismissal for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, Neitzke v. Williams, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. Beedle, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quotation omitted).

Because plaintiff is a pro se litigant, the court must

construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). But the Tenth Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" Garrett v. Selby, Connor, Maddux & Janner, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). While courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]' the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Id. (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

The court finds that defendant's motion has merit. The court notes that plaintiff has failed in her complaint to allege any basis for jurisdiction. In her response to defendant's motion, she acknowledges that she and the defendant are citizens of Kansas, so diversity jurisdiction is lacking. She clearly indicates that this

3

is an action for medical malpractice. She has failed to mention any violation of her civil rights. She does, however, contend that she is alleging claims under several federal statutes, including the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. 1395dd et seq. The court notes that plaintiff has failed to mention any of these statutes in her complaint. Moreover, EMTALA is not a federal malpractice or negligence statute. See Scott v. Hutchinson Hospital, 959 F.Supp. 1351, 1357 (D.Kan. 1997). Finally, dismissal of any claims under state law is also appropriate because plaintiff has not provided the notice required by K.S.A. § 12-105b(d). See Miller v. Brungardt, 916 F.Supp. 1096, 1100 (D.Kan. 1996). In sum, the court must grant defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. With this decision, the court shall deny plaintiff's motion for summary judgment as moot.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 5) be hereby granted. Plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Doc. # 11) be hereby denied as moot.

**IT IS SO ORDERED.** Dated this 15th day of May, 2007 at Topeka, Kansas.

```
                              s/Richard D. Rogers
                              United States District Judge
```